The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| WALTER F. PEASE ) | CASE NO. 10-62794 |
| AND SUGAKO J. PEASE, ) | |
| ) | JUDGE RUSS KENDIG |
| Debtors. ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **(NOT INTENDED FOR** |
| ) | **PUBLICATION)** |
| ) | |

This matter is before the Court *sua sponte*. Debtors filed the instant Chapter 7 petition on June 28, 2010. At that time, they also filed certificates of credit counseling stating that the requisite credit counseling course had been satisfied by the debtor-wife, both for herself *and* for her husband via a power of attorney.

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C.
§ 157(b)(2)(O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed format, is not the result of a direct submission by the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts in this case are extremely straightforward. In fact, there is only one: When Debtors filed their Chapter 7 petition, they filed certificates of credit counseling for each debtor. (Doc. 2.) One certificate states that Sugako J. Pease did in fact take the required credit counseling course. The other, for her husband, states that "Sugako Pease POA for Walter Pease received from Hummingbird Credit Counseling and Education, Inc. . . . an individual ... briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111."

Because this case arises *sua sponte*, there is no procedural background. The sole issue before the Court is whether it is legally permissible for an agent designated as attorney-in-fact to satisfy the credit counseling requirement of the Bankruptcy Code in the place of his principal(s).

## LEGAL ANALYSIS

### I.

Walter Pease is ineligible to be a debtor under the Bankruptcy Code. Under 11 U.S.C. § 109(h)(1), an individual may not be a debtor unless he or she has completed a credit briefing outlining the opportunities for available credit counseling and assisting in performing a related budget analysis. This credit counseling briefing must be completed within the 180-day period prior to filing, subject only to specific exceptions enumerated in 11 U.S.C. § 109(h)(2)-(4). In the instant case, one individual attempting to become a debtor under the Code did not attend the required credit briefing; he had an agent, to whom he had granted a legal power of attorney, do so in his stead.

The credit counseling requirement under 11 U.S.C. § 109(h)(1) is not a delegable obligation. No argument has been advanced to the Court in favor of permitting delegating this obligation from the principal to one bearing a power of attorney to act for the principal. The most logical starting point is Fed. R. Bankr. P. 9010 (governing representation, appearances, and powers of attorney in bankruptcy cases). However, while Fed. R. Bankr. P. 9010(a)(2) does allow a "debtor, creditor, equity security holder, indenture trustee, committee or other party" to "perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy," this does not reach so far as to permit an agent to satisfy the credit counseling requirement for principals seeking bankruptcy protection, even if it was the agent's decision to file bankruptcy on behalf of his principals in the first place. The text of the Rule could conceivably read broadly enough to permit essentially anyone to do anything by proxy, because it purports to allow "other parties" in addition to the enumerated ones to "perform *any act* not constituting the unauthorized practice of law" via proxy. However, such a broad reading of the rule is absurd on its face.

> The Rule is certainly not a model of clarity and seems to have escaped the critical and watchful eye of the Bankruptcy Committee on Rules of Practice

and Procedure. The Rule was obviously meant to read:

> A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act in the entity's own behalf, (2) appear in a case under the Code through an attorney authorized to practice in the court, (3) appear in a case under the Code through an authorized agent or attorney in fact, who may perform any act not constituting the practice of law, or (4) appear in a case under the Code by proxy.

The Rule permits a creditor to "appear" through an attorney authorized to practice in the court and/or through an agent, attorney in fact, or by proxy. The distinction between attorney as used in the Rule from attorney in fact and the limits of authority of each to "appear" on behalf of a creditor is significant.

Wilson v. Valley Elec. Membership Corp., 141 B.R. 309, 312 (E.D.La.,1992) (Sear, J.). Judge Sear, significantly, was the Chairman of the Advisory Committee on Bankruptcy Rules at the time the current version of Rule 9010(a) was carried over into the 1986 rules amendments. Judge Sear's later parsing of the rule eliminates the absurd concatenation of open-ended clauses that, read literally, would give anyone the power to do anything save unauthorized practice of law via an authorized agent, attorney in fact, or proxy.

The text and structure of § 109(h) both make absolutely clear that Congress did not intend agents to be able to take the credit counseling requirement in the place of their principals, and the improvision of the Advisory Committee on Bankruptcy Rules does not compel such a counterintuitive rule. The strongest evidence of Congress' intent that the obligation be personal and non-delegable lies not in the requirement itself, but in the exceptions to that requirement. Credit counseling is not required of debtors "unable to complete [the credit counseling requirement] because of incapacity, disability, or active military duty in a combat zone," 11 U.S.C. § 109(h)(4), as well as debtors who live in regions where credit counseling agencies are nonexistent or unable to provide adequate services to such individuals. 11 U.S.C. § 109(h)(2). None of these would be obstacles to someone acting with a power of attorney, and powers of attorney are frequently granted by those suffering from incapacity or disability. If Congress had meant for debtors to either complete a credit briefing themselves or have someone acting as attorney-in-fact for them do so, there would have been no reason to exempt debtors suffering from incapacity or disability from the requirement at all; the responsibility would simply pass to their designated agents. This compels the common-sense conclusion that the credit counseling requirement is a non-delegable requirement; an agent can no more take a credit counseling class for his principal than he could take a driver's education course or attend drug rehabilitation sessions for his principal.

**II.**

In the instant case, the debtor-wife remains eligible for a discharge even though her husband does not. Rather than dismissing the case in its entirety, therefore, the Court will enter an order dismissing Walter Pease from this case and will then allow this case, with only the wife remaining as a debtor, to proceed to discharge. This Court will enter this order concurrently with this opinion.

# # #

**Service List**:

Walter F Pease
Hanover House
435 Avis Ave. NW
Massillon, OH 44646

Sugako J Pease
615 Applegrove St. NW
N Canton, OH 44720

Arnold F Glantz
4883 Dressler Rd NW
Canton, OH 44718

Anne Piero Silagy, Esq
220 Market Ave S
#900
Canton, OH 44702